DEERE, WELLS & COMPANY V. GEORGE W. LOSEY ET AL.

FILED MAY 20, 1896. No. 6559.

1. **Voluntary Assignments:** VALIDITY OF DEED: GARNISHMENT. In an action to hold liable as garnishee the assignee of an insolvent firm with respect to property which has come into his hands by virtue of the assignment it is immaterial whether or not the deed of assignment was witnessed, and any ambiguity in such deed will not be so construed as to render it void.

2. ———: ———: FRAUD OF ASSIGNOR. The fraudulent disposition of a part of his property by one about to make an assignment for the benefit of his creditors will not operate to impair the title of the assignee to the remainder, when such assignment is afterwards made to, and acted upon by, the assignee in good faith.

ERROR from the district court of Madison county. Tried below before JACKSON, J.

*Campbell & Wallis* and *Harl & McCabe*, for plaintiff in error.

References: *Cowles v. Ricketts*, 1 Ia., 582; *Hutchinson v. Watkins*, 17 Ia., 475; *Van Patten v. Burr*, 52 Ia., 518; *Gray v. McAllister*, 50 Ia., 497; *Pierce v. Jackson*, 6 Mass., 242; *Williams v. Henshaw*, 11 Pick. [Mass.], 79; *Brinley v. Kupfer*, 6 Pick. [Mass.], 179; *Heelan v. Hoagland*, 10 Neb., 513; *Ruble v. McDonald*, 18 Ia., 497; *Kayser v. Heavenrich*, 5 Kan., 340; *Craft v. Bloom*, 59 Miss., 69; *Putnam v. Hubbell*, 42 N. Y., 114; *Main v. Lynch*, 54 Md., 658; *Adler v. Ecker*, 1 McCrary [U. S.], 256.

*Robinson & Reed, contra.*

References: *Thomas v. Talmadge,* 16 O. St., 433; *Klapp v. Shirk,* 13 Pa. St., 589; *Seibert v. Milligan,* 10 N. E. Rep. [Ind.], 931; *Lancaster County Bank v. Horn,* 34 Neb., 742; *Conlan v. Grace,* 30 N. W. Rep. [Minn.], 883; *Pearson v. Davis,* 41 Neb., 608; *Lord v. Meachem,* 32 Minn., 66; *Second Nat. Bank of St. Paul v. Schranck,* 44 N. W. Rep. [Minn.], 524; *Staples v. Schulenberg,* 64 N. W. Rep. [Minn.], 148.

RYAN, C.

This action was brought by Deere, Wells & Co. in the district court of Madison county on June 3, 1893. There were made defendants George W. Losey, the sheriff of said county, and the firm of Hollingshead & Young. It was alleged in the petition that in October, 1892, there was pending in said court an action wherein Deere, Wells & Co. was plaintiff and the aforesaid firm of Hollingshead & Young was defendant, in which a writ of attachment issued, and that thereunder George W. Losey was garnished and answered on June 3, 1893. It was further averred that Losey in his answer as garnishee had disclosed that he had in his possession money and book accounts to the amount of $1,021.85, less expenses to the amount of $34.65, and that a bank intrusted with collections had realized therefrom $50 to $100. The right of Deere, Wells & Co. as against Losey, as garnishee, was predicated upon averments that Losey had received the above property under and by virtue of a deed of assignment made by Hollingshead & Young for the benefit of firm creditors, and that the assignment was a nullity for the alleged reasons that said deed was not witnessed and that it purported to convey nothing except the firm property of Hollingshead & Young, whereas, by its express terms, said property was made liable to the individual debts of the members of said firm. The third ground upon which the assignment was attacked was because, as alleged, the assignment was of only a portion of

the property of the firm of Hollingshead & Young, which firm made said assignment with the fraudulent intent of hindering, delaying, and defrauding its creditors, among whom was the aforesaid plaintiff. The prayer of the petition was as follows: "Wherefore plaintiff avers that the said deed is a nullity, that no rights or interests were created by or have arisen under it, and the defendant is, and at all times has been, wrongfully in possession of the property conveyed to him, as he claims, and the plaintiff prays judgment against the defendant for the value thereof, to-wit, $2,000, and for such other relief as justice and equity may require."

Without referring to the subsequent pleadings, the above grounds of complaint will be considered in a general way in the light of the evidence, upon consideration of which the district court dismissed plaintiff's action. The deed of assignment was solely of all personal property which was owned by the firm of Hollingshead & Young. The firm had no real property. Whether or not the individual members possessed any real or personal property was not alleged in the petition, and hence any questions which might arise from the omission of the assignment deed to embrace property subject to the payment of the debts of the firm is not presented. The deed of assignment complained of was made on October 4, 1892, and within twenty-four hours was duly recorded. Under it the assignee immediately took possession of the property conveyed. It is required by section 3, chapter 6, Compiled Statutes, that the description of the property shall be in such manner as would be requisite in an ordinary deed of conveyance thereof. Even if this required that the execution should be in the manner essential to constitute a good conveyance of real property, the omission to have it witnessed would not render the instrument absolutely void in view of the acts above described. This is not an action to set aside this deed, but is one in which the nullity thereof is assumed to exist. The fact that the instrument is good as between the par-

ties thereto must be accepted as sufficient to negative the contention of the plaintiff upon this point.

The second objection urged in the petition against the validity of the assignment is that, while there was conveyed only the property of the firm, such property, by the terms of the instrument, was made liable for the debts of the individual partners. This argument is founded upon the fact that the clause directing how distribution shall be made is in this language: "Third—The balance to be divided equally among our creditors according to the amount of their said claims." The words "our creditors," it is insisted, refer to the creditors of the individual members of the firm, and that therefore the assignment entitled them to partake in the distribution. The deed of assignment begins with the recitations that "Milton Hollingshead and J. J. Young, partners doing business under the firm name and style of Hollingshead & Young, are indebted in sundry considerable sums of money and have become unable to pay and discharge the same with punctuality, or in full, and being desirous of making a fair and equitable distribution of all our property and effects, do hereby convey to the sheriff of Madison county, Nebraska, all our partnership personal property of every description whatever. This conveyance is made in trust for the use and benefit of all our creditors and in conformity with an act of the legislature entitled," etc. It does not seem to us that the construction contended for is the necessary construction in view of all the language of the deed. It was not pleaded in the petition· that the members of the firm were at all indebted, and that therefore the provision criticised created a trust in favor of creditors of the individual partners. If this attack had been made upon the deed, for the purpose of having it set aside, it is quite probable that matters of this nature would have been pleaded. As has already been noted, however, the petition assumed the nullity of the deed as a necessary inference, hence there was no averment of the extrinsic facts which, if proved, would

justify setting it aside. If the deed had been regarded as merely voidable, these averments might possibly have been made; as the assumption was that it was absolutely void, they were omitted. We cannot, in a proceeding of this kind, assume that the words "our creditors" applied to a class of whose existence there was no averment.

The third and final ground on which this deed is assailed is that it was made to defraud certain creditors of the firm, among whom was plaintiff. It is not clear wherein this fraud consisted. It is probable, however, that these allegations were not made with reference to the deed alone. On the day before this deed was executed the firm of Hollingshead & Young sold to the Newman Grove State Bank notes held by said firm, for which said firm received credit in the sum of $1,652.50, which, added to the balance due from the bank, $484.45, credited said firm with $2,136.95. For this balance there was issued by this bank on that same day two drafts, one for $1,000 and the other for $1,136.95. The latter of these drafts was indorsed by the firm to the wife of J. J. Young, and on October 5, 1892, it was presented by her. Instead of taking cash she took a demand certificate of deposit payable to herself, and this certificate was paid to the First National Bank of Omaha on October 25, 1892. The draft for $1,000 was by the firm indorsed to the wife of Milton Hollingshead. In exchange for this she, on October 6, 1892, took a demand certificate of deposit, which on the 13th of the same month was paid to the Bank of Monroe. As we understand the contention of the plaintiff, it is that these transactions should be considered in connection with the making of the deed of assignment, which should be deemed but a part of the fraudulent scheme of these partners, and that in view of the whole transaction the deed was void. It is provided by section 30, chapter 6, Compiled Statutes, that if any assignor shall have made a fraudulent conveyance or disposition of his property, upon being duly authorized the assignee may commence proceedings to subject to the payment of

the assignor's indebtedness such property as he has attempted fraudulently to withhold for his own benefit. This clearly negatives the idea that fraudulent disposition of property by the assignor before making an assignment necessarily impairs its validity.   It was shown by the evidence that the assignor had resorted to vigorous methods to recover the amounts received by each of the partners as above described, and that in a slight measure he was successful.   In doing this he acted properly and according to the requirements of the statute.   If the contention of the plaintiff should be sustained there would be presented a condition at least curious, and to the assignee very embarrassing.   The statute requires him to try to reach the property of the assignor fraudulently withheld, if properly backed by the creditors.   In his petition he would in such an event be required to plead the frauds whereby the rights of the creditors were sought to be impaired.   The theory of the plaintiff would lead to the result that, by pleading these facts, the assignee would be furnishing proofs destroying his right, at all, to act in that capacity.   In whatever light it is considered it leads to the same result, and that is that the alleged fraudulent acts of the firm of Hollingshead & Young did not affect the validity of the assignment as to such property as could be reached by the assignee.   The judgment of the district court is

Affirmed.